IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| EAST WEST, LLC d/b/a<br>CARIBBEAN CRESCENT,<br><br>        Plaintiff,<br><br>            v.<br><br>SHAH RAHMAN, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  1:11cv1380 (JCC/TCB)<br>)<br>)<br>)<br>) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Shah Rahman and Caribbean Crescent, Inc.'s ("CCI") (collectively "Defendants") motion for judgment on the pleadings [Dkt. 20] and Plaintiff East West, LLC's ("Plaintiff" or "East West") motion to strike new arguments raised in Defendants' reply brief or for leave to file a sur-reply [Dkt. 38].  For the following reasons, the Court will deny both motions as moot.

**I. Background**

This case arises out of a business dispute involving alleged trademark and trade name infringement and breach of contract.  Plaintiff filed suit on December 22, 2011.  [Dkt. 1.] The original complaint contained eleven causes of action: (1) federal trademark infringement, false designation of origin, and false representations in commerce under Section 43(a) of the

1

Lanham Act, 15 U.S.C. § 1125(a) (Count 1); (2) common law trademark infringement (Count 2); (3) federal unfair competition, passing off, false advertising, trade name infringement and/or false designation of origin under Section 43(a) of the Lanham Act (Count 3); (4) common law unfair competition and trade name infringement (Count 4); (5) violation of the Virginia Consumer Protection Act, Va. Code § 59.1-196, *et seq*. (Count 5); (6) violation of the Virginia Criminal Code, Va. Code § 18.2-216, *et seq*. (Count 6); (7) breach of contract (Count 7); (8) unjust enrichment (Count 8); (9) conversion (Count 9); (10) cancellation of registration (Count 10); and (11) for permanent injunctive relief (Count 11).

Defendants filed an answer on February 16, 2012. [Dkt. 13.]  In addition, Defendant CCI filed two counterclaims against East West [Dkt. 14] and a third-party complaint against Third-Party Defendants Naeem Zai and Mohammed Sadiq [Dkt. 15]. CCI alleges trademark infringement, unfair competition, and false designation of origin arising under both the Lanham Act and the common law.  East West answered the counterclaims on March 7, 2012, [Dkt. 18], while Zai and Sadiq answered the third-party complaint on March 13, 2012 [Dkt. 19].

Defendants filed a motion for judgment on the pleadings on March 14, 2012.  [Dkt. 20.]   On March 23, 2012, Plaintiff filed a motion for leave to amend its complaint [Dkt.

27], which was accompanied by a proposed amended complaint [Dkt. 28-1]. Plaintiff filed an opposition to the motion for judgment on the pleadings on March 27, 2012. [Dkt. 30.] On April 2, 2012, Defendants filed a reply to Plaintiff's opposition, [Dkt. 33], portions of which Plaintiff later moved to strike [Dkt. 38.] In the alternative, Plaintiff sought leave to file a sur-reply. Defendants filed an opposition to Plaintiff's motion to strike on April 18, 2012 [Dkt. 48], to which Plaintiff replied on April 24, 2012 [Dkt. 54].

On April 6, 2012, Defendants filed an opposition to Plaintiff's motion for leave to amend. [Dkt. 42.] Plaintiff filed a reply on April 12, 2012 [Dkt. 43] in which it voluntarily withdrew certain claims and allegations, but omitted a proposed amended complaint. On April 13, 2012, Magistrate Judge Buchanan denied Plaintiff's motion for leave to amend without prejudice. [Dkt. 44.] Plaintiff was ordered to promptly re-file a motion for leave to amend and to attach a proposed amended complaint that reflected the changes described in its reply brief.

Plaintiff filed a second motion for leave to amend its complaint on April 17, 2012. [Dkt. 45.] Plaintiff submitted a proposed amended complaint as ordered by Magistrate Judge Buchanan [Dkt. 46-1], but also included two new claims: (1) tortious interference with business relationship/intentional

interference with economic advantage (Count 12); and (2) violation of Virginia's Trade Secret Misappropriations Act (Count 13). Defendants filed an opposition to Plaintiff's second motion for leave to amend on April 30, 2012 [Dkt. 55], to which Plaintiff replied on May 2, 2012 [Dkt. 56]. On May 4, 2012, Magistrate Judge Buchanan granted Plaintiff's second motion for leave to amend its complaint. [Dkt. 58.]

Defendants' motion for judgment on the pleadings and Plaintiff's motion to strike or for leave to file a sur-reply are now before the Court.

## II. Analysis

The Court may deny as moot a Rule 12 motion filed before an amended complaint. *See Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 599 n.1 (D. Md. 2008); *Karnette v. Wolpoff & Abramson, LLP*, 444 F. Supp. 2d 640, 642 (E.D. Va. 2006). That is clearly the appropriate course here, given that Plaintiff added two new claims to the now-operative complaint after briefing on Defendants' motion for judgment on the pleadings concluded. In addition, Defendants raised new arguments in their reply brief, which will be best addressed after a fresh round of briefing. Because Defendants' motion for judgment on the pleadings is denied as moot, so too is Plaintiff's motion to strike new arguments raised in Defendants' reply brief or for leave to file a sur-reply.

### III. Conclusion

For these reasons, the Court will deny Defendants' motion for judgment on the pleadings as moot.  The Court will likewise deny Plaintiff's motion to strike or for leave to file a sur-reply as moot.

An appropriate Order will issue.

|  |  |
|---|---|
| May 15, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |