# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| East West, LLC (dba Caribbean Crescent), a Virginia Limited Liability Company, | |
| Plaintiff, | |
| v. | Civil Action No. 1:11-cv-1380 (JCC/TCB) |
| Shah Rahman, a Virginia resident, | |
| and | |
| Caribbean Crescent, Inc., a Virginia Corporation, | |
| Defendants. | |
| | |
| Caribbean Crescent, Inc., a Virginia Corporation, Counterclaimant, | |
| Counterclaimaint and Third-Party Plaintiff, | |
| v. | |
| East West, LLC (dba Caribbean Crescent), a Virginia Limited Liability Company, | |
| Counterdefendant, | |
| Naeem Zai, a Virginia resident, | |
| and | |
| Mohammed Sadiq, a Virginia resident, | |
| Third-Party Defendants. | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL

Defendants Shah Rahman ("Rahman") and Caribbean Crescent, Inc. ("CCI") (collectively, "Defendants") respectfully request related to the filing of their memorandum of

law seeking exclusion of Plaintiff's expert that the Court grant Defendants an Order pursuant to Local Civil Rule 5 allowing Defendants to file under seal three exhibits to the "Declaration of Katie Bukrinsky in Support of Defendants' Motion to Exclude Testimony of Plaintiff's Damages Expert Michael A. Einhorn, Ph. D."

Defendants' motion to exclude concerns the expert opinions offered in this case by Plaintiff's expert, Michael A. Einhorn, Ph.D. Among the bases on which Defendants move for exclusion are conclusions drawn by Dr. Einhorn based on the parties' respective sensitive, financial information, including gross profit data. Defendants' motion and supporting memorandum, themselves, do not contain the specific profit data. Those documents are being filed in the public docket via the electronic court filing system.

However, Defendants necessarily attach to the Bukrinsky Declaration Dr. Einhorn's expert report (as Ex. A) and supplemental expert report (as Ex. C), both of which were designated "attorney's eyes only" pursuant to the Discovery Confidentiality Order (Dkt. No. 37). Defendants also attach to the Bukrinsky Declaration the "attorney's eyes only"-designated expert report of its expert, Jonathan Cunitz (as Ex. E). No other attachments to the Bukrinsky Declaration or the memorandum of law require submission under seal.[1]

The underlying financial information referenced above was properly designated by the parties as "attorney's eyes only." Those designations reflect the parties' joint concern that public filing of documents containing this highly sensitive information could allow a competitor (including, but not limited to, each other) to gain a competitive advantage, including by

---

[1] As stated in Bukrinsky Declaration ¶ 5, the entire deposition transcript of Dr. Einhorn was designated "attorney's eyes only" under the Discovery Confidentiality Order (Dkt. No. 37). However, the parties have conferred regarding the transcript excerpts included with Defendants' motion to exclude – attached as Ex. B to the Bukrinsky Declaration – and agree that those pages and testimony should be de-designated and may be filed in the public document as part of Defendants' motion to exclude.

understanding and exploiting profit margin data. Because the parties' respective expert reports include this data, among other trade secret protected information, those reports also were properly designated "attorney's eyes only."

Accordingly, an order permanently sealing the three expert reports at issue is proper. An alternative procedure, such as redaction, would be impractical because the redacted documents would be so substantially gutted of their contents as to be of little use to the reader.

It is true that judicial proceedings are generally open to the public and that there exists a right of public access to judicial records and documents. *E.g.*, *In re Wash. Post. Co.*, 807 F.2d 383, 390 (4th Cir. 1986). But it is indisputable that this right of access is not unlimited. *E.g.*, *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978). One exception to the public's right of access is where such access to judicial records could provide a "source[] of business information that might harm a litigant's competitive standing." *Id*. The Fourth Circuit has noted that in cases involving trade secrets, a district court should be willing to seal those portions of the record needed to protect trade secret information, reviewing the particular record and sealing the portions necessary to prevent the disclosure of trade secrets. *Woven Electronics Corp. v. Advance Group, Inc.*, Nos. 89-1580, 89-1588, 1991 U.S. App. LEXIS 6004, at **17–19 (4th Cir. Apr. 15, 1991) (citing *In re Iowa Freedom of Information Counsel*, 724 F.2d 658, 663–64 (8th Cir. 1983)).

For all the foregoing reasons, Defendants ask that the Court grant the requested relief and permit Defendants to file under seal Exhibits A, C, and E to the Bukrinsky Declaration.

Dated:  August 1, 2012

/s/
Mark H. Churchill (VSB #42663)
John J. Dabney (*pro hac vice*)
Katie Bukrinsky (VSB # 76549)
Mary D. Hallerman (VSB # 80430)
McDermott Will & Emery LLP
600 Thirteenth Street, N.W., Suite 1200
Washington, DC  20005-3096
Telephone: 202.756.8000
Facsimile: 202.756.8087
Email: mchurchill@mwe.com
           jdabney@mwe.com
           kbukrinsky@mwe.com
           mhallerman@mwe.com

*Attorneys for Defendants and Counterclaimant/Third-Party Plaintiff*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

>Steven War
>McNeely & Hare LLP
>5335 Wisconsin Ave NW
>Suite 440
>Washington, DC 20015
>(202) 536-5877
>steve@miplaw.com
>
>James G. Smalley
>Cyron & Miller, LLP
>100 N. Pitt Street, Suite 200
>Alexandria, Virginia 22314-3134
>(703) 299-0600
>jsmalley@cyronmiller.com

>  /s/
> Mark H. Churchill (VSB #42663)
> McDermott Will & Emery LLP
> 600 Thirteenth Street, NW
> Washington, DC  20005-3096
> Telephone: 202.756.8000
> Facsimile:  202.756.8087
> Email: mchurchill@mwe.com
>
> *Attorneys for Defendants and*
> *Counterclaimant/Third-Party Plaintiff*