**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

East West, LLC (dba Caribbean Crescent), a Virginia
Limited Liability Company,

     Plaintiff,

     v.

Shah Rahman, a Virginia resident,

and

Caribbean Crescent, Inc., a Virginia Corporation,

     Defendants.


Caribbean Crescent, Inc., a Virginia Corporation,
Counterclaimant,

     Counterclaimaint and Third-Party Plaintiff,

  v.

East West, LLC (dba Caribbean Crescent), a Virginia
Limited Liability Company,

     Counterdefendant,

Naeem Zai, a Virginia resident,

and

Mohammed Sadiq, a Virginia resident,

     Third-Party Defendants.

Civil Action No. 1:11-cv-1380 (JCC/TCB)

**[PROPOSED] ORDER SEALING EXHIBITS TO THE DECLARATION OF KATIE
BUKRINSKY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF PLAINTIFF'S DAMAGES EXPERT MICHAEL A. EINHORN, PH. D**

THIS MATTER is before the Court on the motion of Defendants Shah Rahman ("Rahman") and Caribbean Crescent, Inc. ("CCI") (collectively, "Defendants") for an Order sealing three exhibits, lettered A, C, and E, to the Declaration of Katie Bukrinsky filed August 1, 2012, along with Defendants' Memorandum in Support of Motion to Exclude Testimony of Plaintiffs' Damages Expert Michael A. Einhorn, Ph.D.

The Court finds as follows:

1.      Judicial proceedings are generally open to the public and that there exists a right of public access to judicial records and documents. *E.g.*, *In re Wash. Post. Co.*, 807 F.2d 383, 390 (4th Cir. 1986). But it is indisputable that this right of access is not unlimited. *E.g.*, *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978).  One exception to the public's right of access is where such access to judicial records could provide a "source[] of business information that might harm a litigant's competitive standing." *Id*.  The Fourth Circuit has noted that in cases involving trade secrets, a district court should be willing to seal those portions of the record needed to protect trade secret information, reviewing the particular record and sealing the portions necessary to prevent the disclosure of trade secrets. *Woven Electronics Corp. v. Advance Group, Inc.*, Nos. 89-1580, 89-1588, 1991 U.S. App. LEXIS 6004, at **17–19 (4th Cir. Apr. 15, 1991) (citing *In re Iowa Freedom of Information Counsel*, 724 F.2d 658, 663–64 (8th Cir. 1983)).

2.      The parties to this case agree that the case involves the parties' confidential or trade secret information in the form of highly sensitive financial information.  The two corporate parties are acknowledged competitors, and either party's access to the other party's sensitive financial information, including gross profit data, could harm the other party's business activities by allowing an unfair competitive advantage to the party receiving such information.  The two

corporate parties also compete with other companies not involved in this action, and allowing public access to the parties' sensitive financial information could benefit those other competitors in the same way.

3.      The parties agreed that their respective expert reports would be designated as "attorney's eyes only," as permitted under this action's Discovery Confidentiality Order (Dkt. No. 37) and in order to address the concerns cited in Paragraph 2, *supra*.

4.      The expert reports of Plaintiff's expert (Exs. A and C to the Bukrinsky Declaration) and Defendants' expert (Ex. E to the Bukrinsky Declaration) contain pervasive references to and discussion of the parties' confidential and sensitive financial information, among other trade secret protected information.  An alternative method of protecting confidential information, such as redaction, would therefore be unacceptable because the papers would be so heavily redacted as to be unintelligible to the reader, and the reader would in any case not have access to the supporting evidence.

5.      The parties have not previously sought to seal documents filed with the Court in this case.  The vast majority of the record will remain unsealed if the Court allows for the sealing of these three exhibits including, most pertinently, the motion and supporting memorandum of law.

6.      Defendants request that the sealing order relating to Exhibits A, C, and E to the Bukrinsky Declaration should remain in effect permanently.

BASED ON THE FOREGOING FINDINGS, it is hereby ORDERED that Defendants' motion to seal Exhibits A, C, and E to the Bukrinsky Declaration is GRANTED.

IT IS SO ORDERED, this the ___ day of _____, 2012.


_____
Hon. James C. Cacheris
United States District Judge

DM_US 37364320-1.082258.0011