IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| EAST WEST, LLC d/b/a | ) | |
| CARIBBEAN CRESCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11cv1380 (JCC/TCB) |
| | ) | |
| SHAH RAHMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff East West, LLC d/b/a Caribbean Crescent's Motion to Seal Exhibits to Declaration of Steven M. War In Support of Plaintiff's Motion to Strike the August 16, 2012 "Supplemental" Expert Report of Defendants' Expert Jonathan A. Cunitz, D.B.A. [Dkt. 144] (the "Motion").  Plaintiff seeks to seal Exhibits D, E, H, and I to Declaration of Steven M. War In Support of Plaintiff's Motion to Strike the August 16, 2012 "Supplemental" Expert Report of Defendants' Expert Jonathan A. Cunitz, D.B.A.  For the following reasons the Court will grant Plaintiff's Motion.

**I.   Background**

The basic facts of this case are recited in detail in the Court's June 5, 2012, Memorandum Opinion granting in part

and denying in part Defendants' motion to dismiss.  (Memorandum
Opinion [Dkt. 68].)  Familiarity with that Memorandum Opinion is
presumed.

Magistrate Judge Theresa Carroll Buchanan entered a
Discovery Confidentiality Order regarding the handling and
labeling of confidential materials on April 4, 2012.  [Dkt. 37.]

On August 24, 2012, Plaintiff filed a Motion to Strike
the August 16, 2012 "Supplemental" Expert Report of Defendants'
Expert Jonathan A. Cunitz, D.B.A. [Dkt. 140], and attached to
the declaration in support exhibits including the initial expert
report of Plaintiff's Expert Michael A. Einhorn, Ph.D. (Exhibit
D), the rebuttal report of Defendants' Expert Jonathan A.
Cunitz, D.B.A. (Exhibit E), the supplemental report of
Plaintiff's Expert Dr. Einhorn (Exhibit H), and the supplemental
report of Defendants' Expert Jonathan Cunitz (Exhibit I).  That
same day, Plaintiff filed a Motion to Seal Exhibits to
Declaration of Steven M. War In Support of Plaintiff's Motion to
Strike the August 16, 2012 "Supplemental" Expert Report of
Defendants' Expert Jonathan A. Cunitz, D.B.A., requesting that
Exhibits D, E, H, and I be sealed.  [Dkt. 144.]  Plaintiff also
filed its Memorandum in Support of the Motion to Seal.  [Dkt.
145.]

Plaintiff's Motion to Seal is before this Court.

## II.   Standard of Review

Under well-established Fourth Circuit precedent, there is a presumption in favor of public access to judicial records and a district court has the authority to seal court documents only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

"The common law presumes a right to inspect and copy judicial records and documents." *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The First Amendment guarantee of access, however, has been "extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. Where the First Amendment

3

does guarantee access, the access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. *Rushford*, 846 F.2d at 253. As to the substance, the district court first "must determine the source of the right of access with respect to each document," because "only then can it accurately weigh the competing interests at stake." *Stone*, 855 F.2d at 181.

A district court must then weigh the appropriate competing interests under the following procedure: "it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 288 (citing *Stone*, 855 F.2d at 181; *In re the Knight Publ'g Co.*, 743 F.2d at 235).

Additionally, Local Rule 5(C) requires a party moving to seal to provide: (1) a non-confidential description of what is to be sealed; (2) a statement as to why sealing is necessary, and why another procedure will not suffice; (3) references to governing case law; and (4) a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.  Local Rule 5(C).  Local Rule 5(C) also provides that the party moving to seal shall provide a proposed order, and "[t]he proposed order shall recite the findings required by governing case law to support the proposed sealing."

### III.  Analysis

In the Motion, Plaintiff asks the Court to seal permanently four exhibits, the initial expert report of Plaintiff's Expert Michael A. Einhorn, Ph.D. (Exhibit D), the rebuttal report of Defendants' Expert Jonathan A. Cunitz, D.B.A. (Exhibit E), the supplemental report of Plaintiff's Expert Dr. Einhorn (Exhibit H), and the supplemental report of Defendants' Expert Jonathan Cunitz (Exhibit I), which were designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order entered by Magistrate Judge Theresa Carroll Buchanan on April 4, 2012.  [Dkt. 37.]  The Discovery Confidentiality Order states that the parties have the right to designate as "Attorney's Eyes Only" any information, document or thing that

"contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party." (*Id.* at 2.)  Because the Court finds that Exhibits D, E, H, and I contain such information, the Court concludes that it is appropriate to enter an order permanently sealing the aforementioned documents pursuant to the Discover Confidentiality Order.

Plaintiff docketed the instant motion on August 24, 2012, and the docket has been made available to the public.  The motion was noticed for a hearing on August 31, 2012.  This has provided the public with ample opportunity to object to the motions, and the Court has received no objections.  As a result, Plaintiff has met the first *Ashcraft* requirement.

Applying the second and third *Ashcraft* factors, this Court has reviewed Exhibit D, E, H, and I and finds that, in light of the content to which the exhibits pertains, sealing the documents is the most appropriate course of action instead of alternative courses of action such as redaction.  The requested sealing is narrowly tailored to protect information related to confidential business information and other trade secret protected information.  Plaintiff has prepared public versions of its motion to strike the supplemental expert report of Jonathan A. Cunitz and the accompanying memorandum, as these

6

documents do not themselves contain specific confidential data.
Plaintiff only has requested to seal certain expert reports
attached in support.  All four expert reports at issue
specifically pertain to the parties' respective sensitive
financial data, including gross profit data, the disclosure of
which would be highly likely to cause significant harm to the
business competitive position of both parties.  This category of
information was expressly designated "Attorney's Eyes Only" in
the Discovery Confidentiality Order.  Moreover, given that the
expert reports are focused almost entirely on this highly
sensitive business information and other trade secret protected
information, an alternative procedure like redaction would gut
the documents substantially and render them useless to the
public.

## IV.   Conclusion

For the reasons stated above, and for good cause
shown, the Court will grant Plaintiff's Motion in accordance
with this opinion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| September 4, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |