IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| EAST WEST, LLC d/b/a CARIBBEAN CRESCENT, ) ) ) Plaintiff, ) ) v. ) ) SHAH RAHMAN, *et al.*, ) ) Defendants. ) | 1:11cv1380 (JCC/TCB) |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants Shah Rahman's and Caribbean Crescent, Inc.'s ("Defendants") Motion to Seal Exhibits to the Declaration of Katie Bukrinsky In Support of Defendants' Motion to Exclude Testimony of Plaintiff's Damages Expert Michael A. Einhorn, Ph.D. [Dkt. 109] (the "Motion"). Defendants seek to seal Exhibits A, C, and E to Declaration of Katie Bukrinsky In Support of Defendants' Motion to Exclude Testimony of Plaintiff's Damages Expert Michael A. Einhorn, Ph.D. For the following reasons the Court will grant Defendants' Motion.

**I. Background**

The basic facts of this case are recited in detail in the Court's June 5, 2012, Memorandum Opinion granting in part and denying in part Defendants' motion to dismiss. (Memorandum

1

Opinion [Dkt. 68].) Familiarity with that Memorandum Opinion is presumed.

Magistrate Judge Theresa Carroll Buchanan entered a Discovery Confidentiality Order regarding the handling and labeling of confidential materials on April 4, 2012. [Dkt. 37.]

On August 1, 2012, Defendants filed a Motion to Exclude Testimony of Plaintiff's Damages Expert Michael A. Einhorn, Ph.D., [Dkt. 119], and attached to the declaration in support exhibits including Dr. Einhorn's expert report ("Exhibit A") and supplemental report ("Exhibit C"), as well as the report of Defendants' expert Jonathan Cunitz ("Exhibit E"). That same day, Defendants filed a Motion to Seal Exhibits to the Declaration of Katie Bukrinsky In Support of Defendants' Motion to Exclude Testimony of Plaintiff's Damages Expert Michael A. Einhorn, Ph.D, requesting that Exhibits A, C, and E be sealed. [Dkt. 109.] Defendants also filed their Memorandum in Support of the Motion to Seal. [Dkt. 111.] Finally, also on that same day, Defendants filed a Notice of Waiver of Oral Argument on the Motion to Seal. [Dkt. 112.]

Defendants' Motion to Seal is before this Court.

## II. Standard of Review

Under well-established Fourth Circuit precedent, there is a presumption in favor of public access to judicial records and a district court has the authority to seal court documents

only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

"The common law presumes a right to inspect and copy judicial records and documents." *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The First Amendment guarantee of access, however, has been "extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. Where the First Amendment does guarantee access, the access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.*

3

(citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. *Rushford*, 846 F.2d at 253. As to the substance, the district court first "must determine the source of the right of access with respect to each document," because "only then can it accurately weigh the competing interests at stake." *Stone*, 855 F.2d at 181.

A district court must then weigh the appropriate competing interests under the following procedure: "it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 288 (citing *Stone*, 855 F.2d at 181; *In re the Knight Publ'g Co.*, 743 F.2d at 235).

Additionally, Local Rule 5(C) requires a party moving to seal to provide: (1) a non-confidential description of what is to be sealed; (2) a statement as to why sealing is necessary,

4

and why another procedure will not suffice; (3) references to governing case law; and (4) a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing. Local Rule 5(C). Local Rule 5(C) also provides that the party moving to seal shall provide a proposed order, and "[t]he proposed order shall recite the findings required by governing case law to support the proposed sealing."

### III. Analysis

In the Motion, Defendants ask the Court to seal permanently three exhibits, Dr. Einhorn's expert report ("Exhibit A") and supplemental report ("Exhibit C"), and Jonathan Cunitz's expert report ("Exhibit E"), which were designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order entered by Magistrate Judge Theresa Carroll Buchanan on April 4, 2012. [Dkt. 37.] The Discovery Confidentiality Order states that the parties have the right to designate as "Attorney's Eyes Only" any information, document or thing that "contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party." (*Id.* at 2.) Because the Court finds that Exhibits A, C, and E contain such information, the Court concludes that it is appropriate to enter an order

5

permanently sealing the aforementioned documents pursuant to the Discover Confidentiality Order.

Defendants docketed the instant motion on August 1, 2012, and the docket has been made available to the public. This has provided the public with ample opportunity to object to the motions, and the Court has received no objections. As a result, Defendants have met the first *Ashcraft* requirement.

Applying the second and third *Ashcraft* factors, this Court has reviewed Exhibit A, C, and E and finds that, in light of the content to which the exhibits pertains, sealing the documents is the most appropriate course of action instead of alternative courses of action such as redaction. The requested sealing is narrowly tailored to protect information related to confidential business information and other trade secret protected information. Defendants have prepared public versions of their motion to exclude Dr. Einhorn's testimony and the accompanying memorandum, as these documents do not themselves contain specific confidential data. Defendants only have requested to seal certain expert reports attached in support. All three expert reports at issue specifically pertain to the parties' respective sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the business competitive position of both parties. This category of information was expressly

designated "Attorney's Eyes Only" in the Discovery Confidentiality Order.  Moreover, given that the expert reports are focused almost entirely on this highly sensitive business information and other trade secret protected information, an alternative procedure like redaction would gut the documents substantially and render them useless to the public.

### IV.  Conclusion

For the reasons stated above, and for good cause shown, the Court will grant Defendants' Motion in accordance with this opinion.

An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| September 4, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |